IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

| | |
|---|---|
| MARCUS HARRIS, SANTOSHA HARRIS and LAWRENCE PEACE, | ) ) ) |
| Plaintiffs, | ) ) ) Case No.: 4:10-cv-1525 SWW |
| v. | ) ) |
| U.S. BANK, NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE ON BEHALF OF THE NOTEHOLDERS OF AEGIS ASSET BACKED SECURITIES TRUST 2005-3, MORTGAGE-BACKED NOTES, AND SHAPIRO & KIRSCH, L.L.P. | ) ) ) ) ) ) ) |
| Defendants. | ) |

**U.S. BANK'S ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant U.S. Bank, National Association, as Indenture Trustee on Behalf of the Noteholders of Aegis Asset Backed Securities Trust 2005-3, Mortgage-Backed Notes ("U.S. Bank") hereby answers the Complaint of Plaintiffs Marcus Harris, Santosha Harris and Lawrence Peace ("Plaintiffs") as follows:

**JURISDICTION AND VENUE**

1. Paragraph 1 does not contain any factual allegations to which a response is required. However, to the extent a response is deemed required, U.S. Bank denies violating Ark. Code Ann. § 18-50-101, *et seq.*, or any other statute, rule, law or order of any kind. Moreover, U.S. Bank denies Plaintiffs are entitled to injunctive relief, a declaratory judgment, or any other relief whatsoever from U.S. Bank.

1

2. Upon information and belief, U.S. Bank admits the allegations of Paragraph 2.

3. Upon information and belief, U.S. Bank admits the allegations of Paragraph 3.

4. Upon information and belief, U.S. Bank admits the allegations of Paragraph 4.

5. U.S. Bank admits that it has the right to collect and enforce its rights under the Note and Mortgage at issue in this matter. U.S. Bank admits further that its principal place of business is located in Minneapolis, Minnesota. U.S. Bank denies its principal place of business is located at 601 Second Avenue South.

6. U.S. Bank denies that Defendant Shapiro & Kirsch, L.L.P. ("Shapiro & Kirsch") has its principal place of business in Arkansas. For further response, upon information and belief, Shapiro & Kirsch's principal place of business is located in Tennessee.

7. U.S. Bank denies that any acts justifying the filing of this lawsuit and/or entitling Plaintiffs to relief occurred or accrued in any location.

8. U.S. Bank admits that the United States District Court for the Eastern District of Arkansas, Little Rock Division, has jurisdiction over this matter and is the proper venue.

**STATEMENT OF FACTS**

9. U.S. Bank admits the allegations of Paragraph 9.

10. U.S. Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies same and demands strict proof thereof if its interests are affected thereby.

11. U.S. Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies same and demands strict proof thereof if its interests are affected thereby.

12. U.S. Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies same and demands strict proof thereof if its interests are affected thereby.

13. U.S. Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies same and demands strict proof thereof if its interests are affected thereby.

14. U.S. Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies same and demands strict proof thereof if its interests are affected thereby.

15. U.S. Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies same and demands strict proof thereof if its interests are affected thereby.

16. U.S. Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies same and demands strict proof thereof if its interests are affected thereby.

17. U.S. Bank lacks sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 17 as alleged, and therefore denies the same and demands strict proof thereof if its interests are affected thereby. For further response, U.S. Bank admits it received from Aegis Funding Corporation both the right to collect under the Note at issue in the case and an assignment of the Mortgage at issue in this case. U.S. Bank further admits that the effective date of both transactions was August 24, 2007. U.S. Bank further admits that the mortgage assignment was properly recorded.

18. U.S. Bank denies the allegations of Paragraph 18.

M JAE 2187215 v1
2914856-000049 10/27/2010

19. U.S. Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies same and demands strict proof thereof if its interests are affected thereby.

20. U.S. Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies same and demands strict proof thereof if its interests are affected thereby.

21. U.S. Bank denies the allegations of Paragraph 21.

22. U.S. Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies same and demands strict proof thereof if its interests are affected thereby.

23. U.S. Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies same and demands strict proof thereof if its interests are affected thereby.

24. U.S. Bank denies the allegations of Paragraph 24.

25. U.S. Bank denies the allegations of Paragraph 25.

26. U.S. Bank denies the allegations of Paragraph 26.

27. U.S. Bank denies the allegations of Paragraph 27.

28. Paragraph 28 contains only legal conclusions to which a response is not required. To the extent a response is deemed required, the allegations of Paragraph 28 are denied.

29. U.S. Bank denies the allegations of Paragraph 29.

### TEMPORARY AND PERMANENT PRELIMINARY INJUNCTION

30. U.S. Bank restates and realleges its responses to Paragraphs 1 through 29 as if fully set forth herein.

31. U.S. Bank denies the allegations of Paragraph 31.

32. U.S. Bank denies the allegations of Paragraph 32.

33. U.S. Bank denies the allegations of Paragraph 33.

34. U.S. Bank denies the allegations of Paragraph 34.

35. U.S. Bank denies the allegations of Paragraph 35.

36. U.S. Bank denies the allegations of Paragraph 36.

37. U.S. Bank denies the allegations of Paragraph 37.

38. U.S. Bank denies the allegations of Paragraph 38.

39. U.S. Bank denies the allegations of Paragraph 39.

40. U.S. Bank denies the allegations of Paragraph 40.

41. U.S. Bank denies the allegations of Paragraph 41.

## DECLARATORY JUDGMENT

42. U.S. Bank restates and realleges its responses to Paragraphs 1 through 41 as if fully set forth herein.

43. U.S. Bank denies the allegations of Paragraph 43.

44. U.S. Bank denies the allegations of Paragraph 44.

45. U.S. Bank denies the allegations of Paragraph 45.

46. U.S. Bank denies the allegations of Paragraph 46.

47. U.S. Bank denies the allegations of Paragraph 47.

48. With respect to the Plaintiffs' Prayer for Relief, to the extent it contains allegations of law or facts, the same are in all respects denied. U.S. Bank further denies that Plaintiffs are entitled to the relief for which they prays, or any other further of different relief, equitable, legal or otherwise.

49. All allegations of the Complaint not specifically admitted, explained or denied are denied generally as if such denial was set forth specifically herein.

## AFFIRMATIVE DEFENSES

Defendant U.S. Bank, by counsel, states as follows for its separate and independent affirmative defenses to the Amended Complaint:

1. The Complaint fails to state a cause of action for which relief can be granted against U.S. Bank. Accordingly, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

2. U.S. Bank relies upon any provisions, terms and conditions contained in the Note and/or the Mortgage at issue in this case.

3. Plaintiffs' claims are barred in whole or in part, due to the default in the loan documents.

4. To the extent that any amounts were paid to U.S. Bank which were not owed by the Plaintiff and which were not enforceable, the recovery of such amounts is barred by the voluntary payment doctrine.

5. Plaintiffs' claims are barred by the doctrine of waiver.

6. Plaintiffs' claims are barred, in whole or part, by the doctrine of equitable estoppel and any recovery would result in the Plaintiffs being unjustly enriched.

7. Plaintiffs' claims are barred, in whole or part, by lack of a legally cognizable injury.

8. U.S. Bank relies upon any other defense to which it may be entitled under any applicable federal or state law or regulation.

9. U.S. Bank hereby gives notice that it intends to rely upon such other further defenses as may become available to it or apparent during the discovery of this matter, and reserves the right to amend its Answer to assert any such defenses.

WHEREFORE Defendant U.S. Bank respectfully requests that the Court enter judgment as follows:

a. dismissing the Complaint with prejudice;

b. granting U.S. Bank costs and expenses, including attorneys' fees, incurred and to be incurred in defending this adversary proceeding; and

c. granting U.S. Bank such other and further relief as the Court may deem just and proper.

DATE: October 27, 2010

Respectfully submitted,

s/Jay A. Ebelhar
Blair B. Evans (AR 93187)
Jay A. Ebelhar (TN 22770)
(admitted to practice in the Federal District
Court for the Eastern District of Arkansas)
BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, P.C.
First Tennessee Building
165 Madison Avenue, Suite 2000
Memphis, Tennessee  38103
Telephone:  901.577.8204
Fax:  901.577.577.0867
Email: bevans@bakerdonelson.com
          jebelhar@bakerdonelson.com

*Attorneys for U.S. Bank, N.A.*

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on this the 27th day of October, 2010, a copy of the foregoing electronically filed pleading was served on the parties listed below by certified U.S. Mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party:

| | |
|---|---|
| Marcus Harris<br>FCI Forrest City Low<br>Federal Correction Institution<br>P.O. Box 9000<br>Forrest City, AR 72336<br><br>*Pro Se Plaintiff* | Lawrence Peace<br>P.O. Box 7042<br>Sherwood, AR 72124<br><br>*Pro Se Plaintiff* |
| Santosha Harris<br>P.O. Box 2754<br>Little Rock, AR 72203<br><br>*Pro Se Plaintiff* | Don A. Eilbott<br>Jack, Nelson, Jones, Jiles & Gregory, P.A.<br>2800 Cantrell Road, Suite 500<br>Little Rock, Arkansas 72202<br><br>*Attorney for Shapiro & Kirsch, LLP* |

    s/Jay A. Ebelhar

M JAE 2187215 v1
2914856-000049 10/27/2010