## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

| | | |
|---|---|---|
| MARCUS HARRIS, Reg #25188-009, and SANTOSHA HARRIS | * * * * | |
| Plaintiffs | * | |
| V. | * | NO: 4:10CV01525 SWW |
| | * * | |
| US BANK NATIONAL ASSOCIATION | * * * * | |
| Defendant | * | |

### ORDER

Plaintiffs Marcus Harris and Santosha Harris commenced this action in state court, seeking to enjoin foreclosure of a mortgage. Defendant US Bank National Association ("US Bank") removed the action to federal court based on diversity of citizenship between the parties and an amount in controversy exceeding $75,000. Before the Court is US Bank's motion for summary judgment (docket entries #22, #23, #24). The time for responding has passed, and Plaintiffs have not filed a response. After careful consideration, and for reasons that follow, summary judgment will be granted, and is action will be dismissed with prejudice.

### I. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). As a

prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The non-moving party may not rest on mere allegations or denials of his pleading but must "come forward with 'specific facts showing a genuine issue for trial.'" *Id*. at 587 (quoting Fed. R. Civ. P. 56(e)). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995).

## II. Background

On April 4, 2005, Plaintiffs signed a promissory note ("the Note") in the amount of $127,300 and executed a mortgage ("the Mortgage") in favor of Aegis Funding Corporation ("Aegis"). *See* Compl., Ex. #1. On December 23, 2009, Plaintiffs received a notice of default and intention to sell from a Shapiro and Kirsch, LLP, Attorneys at Law ("Shapiro & Kirsch")[1], representing US Bank. Compl., ¶ 14, Ex. #3. Plaintiffs requested and received a debt validation, which they claim fails to record payments made on the Note.

On January 6, 2010, an assignment of mortgage dated December 28, 2009 was filed and recorded. See Compl., Ex. #5. The assignment of mortgage states that on August 24, 2007, Aegis assigned the Mortgage to US Bank. *Id*. An allonge was filed together with the assignment of mortgage, for the stated purpose of transferring the Note from Aegis to US Bank

---

[1] Plaintiffs named but later dropped Shapiro & Kirsch as a defendant in this case. *See* docket entry #13.

and endorsing the Note to US Bank. *Id*. Plaintiffs charge that the purported assignment to US Bank was fraudulent because Aegis closed on August 13, 2007.

On August 10, 2010, Plaintiffs commenced this action in state court, alleging that (1) US Bank lacks standing to collect or otherwise enforce the Mortgage because the alleged assignment was fraudulent and without effect, (2) Plaintiffs are not in default on any obligation to US Bank, and (3) two years of mortgage payments are missing on their account.

Because Plaintiffs have not responded to US Bank's statement of material facts allegedly not in dispute, all facts presented therein, which follow, are deemed admitted pursuant to Local Rule 56.1(c).[2] Plaintiffs executed a mortgage and promissory note dated April 4, 2005 securing a $127,300.00 loan to purchase the property located at 5909 Forrestview Road, Little Rock, AR 72204. The mortgage identifies Aegis Funding Corporation ("Aegis") as the lender. In August 2007, servicing of the mortgage loan was transferred from Aegis to Ocwen Loan Servicing, LLC ("Ocwen"). In August 24, 2007, Aegis, by its attorney in fact Ocwen, transferred its interest in the mortgage and underlying note to US Bank. As of September 1, 2007, the balance on the mortgage loan was $124,954.34, and Ocwen had credited all payments made prior to August 2007 by Plaintiffs or by anyone else on their behalf. Plaintiffs defaulted on the Mortgage in 2009, having missed a payment in June 2009 and then October 2009 and every month thereafter. Plaintiffs remain in default, with payment due and owing for September 2009.

---

[2]The same facts are admitted on the additional ground that Plaintiffs failed to respond to Defendant's requests for admissions mailed to Plaintiffs on February 17, 2011. *See* docket entry #24, Ex. A. Under Rule 36(a)(3) of the Federal Rules of Civil Procedure, each matter separately stated in a written request for admissions is "admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter . . . ." Fed. R. Civ. P. 36(a)(3).

### III.  Discussion

Based on the foregoing undisputed facts, no genuine issues of material fact exist as to Plaintiffs' claims that US Bank lacks standing to collect or otherwise enforce the underlying mortgage loan, that Plaintiffs are not in default on the underlying loan obligation, and that Plaintiffs were not credited for two years' worth of loan payments.  Because Plaintiffs have failed to come forward with specific facts showing a genuine issue for trial, summary judgment will be entered for US Bank.

IT IS THEREFORE ORDERED that Defendant's motion for summary judgment (docket entry #22) is GRANTED, and remaining motions are DENIED AS MOOT.  Pursuant to the judgment entered together with this order, this action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED THIS 26TH  DAY OF OCTOBER, 2011.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE